JOHN HERING AND ELLA HERING, INDIVIDUALLY, AND ALMA HERING AND VIVIAN HERING, BY JOHN HERING, THEIR NEXT FRIEND, PROSECUTORS, v. STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued January 20, 1937—Decided February 5, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the prosecutors, *Isserman & Isserman* (*Abraham J. Isserman* and *Carol King*).

For the defendant, *George W. King, Jr.*

BODINE, J. By chapter 145, *Pamph. L.* 1932, *p.* 260, every board of education in this state is obliged to procure a United States flag for each school in the district; the flag is to be displayed upon or near the public school building during school hours. It is also necessary to procure for each assembly room another flag which shall be displayed, and the pupils are required to salute the flag and repeat the oath of allegiance every school day. The precise language exacted in the school in question was as follows: "I pledge allegiance to the flag of the United States and to the republic for which it stands, one nation, indivisible, with liberty and justice for all."

Prosecutors seek to review the expulsion of their children, ages five and seven, because of their refusal to salute the flag of the United States and pledge allegiance to the flag and republic when required so to do.

It is urged that the statute is invalid as infringing the constitutional and statutory guarantees of equal free schools for all the people. We think not. Those who resort to educational institutions maintained with the state's money are subject to the commands of the state. *Hamilton* v. *Regents of California,* 293 *U. S.* 245. The performance of the command of the statute in question could, in no sense, interfere with religious freedom. It is little enough to expect of those who seek the benefits of the education offered in the public schools of this state that they pledge their allegiance to the nation and the nation's flag. The pledge of allegiance is, by no stretch of the imagination, a religious rite. It is a patriotic ceremony which the legislature has the power to require of those attending schools established at public expense. A child of school age is not required to attend the institutions maintained by the public, but is required to attend a suitable school. Those who do not desire to conform with the commands of the statute can seek their schooling elsewhere.

The order of expulsion under review is affirmed, and the writ is dismissed.