THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS W. FISH, Respondent, *v.* CHARLES SANDSTROM and HILDA SANDSTROM, Appellants.

County Court, Suffolk County, April 26, 1938.

*Arthur Garfield Hays*, for the appellants.

*Fred J. Munder, District Attorney* [*Harry Brenner, Assistant District Attorney*, of counsel], for the respondent.

HILL, J. This is an appeal from a verdict of guilty rendered in the Justice's Court, town of Brookhaven, Suffolk county, by a jury of six men. The defendants were convicted for violation of section 627 of the Education Law, which requires that parents shall send their children to school. The defendants failed to require their thirteen-year-old daughter, Grace, to attend the public school,

or any school, as required by the Education Law. Grace Sandstrom refused to salute the United States flag, as required by section 712 of the Education Law and the Regulations of the Commissioner of Education, her parents having instructed her that to do so would violate their religious beliefs.

Section 712, subdivision 1, of the Education Law reads as follows: " It shall be the duty of the Commissioner of Education to prepare, for the use of the public schools of the State, a program providing for a salute to the flag, for instruction in its correct use and display and such other patriotic exercises as may be deemed by him to be expedient, under such regulations and instructions as may best meet the varied requirements of the different grades in such school."

The appellants, in preparing this appeal, have requested the court to consider but one question, namely, is section 712 of the Education Law unconstitutional and void in that it unlawfully restricts appellants' right to religious liberty and freedom of worship included in the Fourteenth Amendment of the Federal Constitution, and article 1, section 3, of the Constitution of the State of New York.

The appellants and their daughter, Grace, are members of a religious association called " Jehovah's Witnesses." They subscribe to the belief " that to salute a flag contravenes the law of God," and quote from the Bible, Exodus, chapter 20, verses 4 and 5, as their authority.

" 4. Thou shalt not make unto thee any graven image, or any likeness of any thing that is in heaven above, or that is in the earth beneath, or that is in the water under the earth.

" 5. Thou shalt not bow down thyself to them, nor serve them: for I the Lord thy God am a jealous God, visiting the iniquity of the fathers upon the children unto the third and fourth generation of them that hate me."

Grace Sandstrom and her parents are unquestionably sincere in their religious beliefs, subscribing to the interpretations of the Divine Scriptures by the leaders of their sect. I have found no decision in New York State which settles this issue, although decisions of other States of the Union have done so.

The Constitution of the United States does not contain a definition of religion, nor does the Bible contain a definition of religion.

Our courts, of necessity, have defined religion, and a definition by our highest court is found in the case of *Davis* v. *Beason* (133 U. S. 333): " The term religion has reference to one's views of his relations to his Creator, and to the obligations they impose of reverence for His being and character, and of obedience to His will. It is often confounded with the cultus or forms of worship of a particular sect, but is distinguishable from the latter."

Is saluting the United States flag a religious rite? I think not. There is nothing in the salute to the flag or the pledge of allegiance which constitutes an act of idolatry, or which even approaches to any religious observance. It does not in any way interfere with a person's belief, nor does it hinder or prevent his "worshipping God" within the meaning of the words in the United States Constitution, as his conscience shall dictate. In the case of *Reynolds* v. *United States* (98 U. S. 145, at p. 166) it was said, "Laws are made for the government of actions, and while they cannot interfere with mere religious belief and opinions, they may with practices. * * * Can a man excuse his practices to the contrary because of his religious belief? To permit this would be to make the professed doctrines of religious belief superior to the law of the land, and in effect to permit every citizen to become a law unto himself. Government could exist only in name under such circumstances."

The appellants introduced a pamphlet in evidence called "Loyalty," and therein is contained a chapter headed "Saluting the Flag." (Broadcast over chain Sunday, October 6, 1935, by Judge Rutherford.) The following are excerpts from that chapter:

"For many centuries Satan the Devil has been the invisible ruler of the nations of the earth.

"The flag of the United States is not a flag of Jehovah God and Christ Jesus. It is the emblem of power that rules the nation; and no one can truthfully say that God and Christ Jesus rule a government where crime is rampant.

"The flag representatively stands for the visible ruling powers. To attempt by law to compel a citizen or child of a citizen to salute any object or thing * * * is entirely unfair and wrong."

If the legislative sanction, or mandate to the board of education, is not repugnant to the due process clause, then it does not violate the privileges and immunities clause.

The Federal and State governments owe a duty to the people within its borders and jurisdiction. *First*, to maintain adequate strength to maintain peace and order. *Second*, to assure the just enforcement of law. Likewise, every citizen owes the reciprocal duty to support and defend the government against invasion. In the so-called draft cases during the war the courts have said: "The privilege of the native-born conscientious objector to avoid bearing arms comes not from the Constitution but from Congress. Congress may grant or withhold the exemptions as in its wisdom it sees fit."

It should be a function of government to inculcate patriotism and to instill a recognition of the blessings conferred by orderly

government under the Constitution of the nation and State. The people, through representatives, have enacted laws by which to be governed, thereby undertaking to establish liberty and to provide justice for all. The flag is the symbol of these aims and purposes. It is important that all should study and know these facts, especially the young. To enjoy the benefits of freedom and the privileges offered in these United States correspondingly demands of its citizens that they support, defend and obey its laws. Where better to start than to salute its flag, the symbol of government?

Other States of the Union have decreed that school students shall salute the United States flag. (*Nichols* v. *Mayor and School Committee of Lynn,* —— Mass. ——; 7 N. E. [2d] 577; *Leoles* v. *Landers,* 184 Ga. 580; 192 S. E. 218; *Hering* v. *State Board of Education,* 117 N. J. L. 455; 189 A. 629.)

There can be no doubt that a different doctrine would carry us to fields never yet dreamed of in organized society. The religious zealot, if his liberties were to be thus extended, might refuse to contribute taxes in furtherance of a school system that compelled students to salute the flag. As Mr. Justice CARDOZO said in *Hamilton* v. *Regents* (293 U. S. 245, at p. 268): " One who is a martyr to a principle which may turn out in the end to be a delusion or an error — does not prove by his martyrdom that he has kept within the law."

The defendants were convicted by a jury; they submitted the question of " religious liberty " to the jury and the jury by its verdict found that to salute the flag did not violate a person's privilege of " freedom of religious worship."

It is not for us to consider matters of policy. That is for the Legislature, and that policy which decrees that pupils in the public schools of the State shall salute the United States flag does not violate any rights guaranteed by the United States and the State Constitutions.

The judgment of conviction is, therefore, affirmed.